<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| MAHMOUD ELMILLIGY, | Civil Action No. 25-13575 (SDW) (LDW) |
| Plaintiff, | |
| v. | **WHEREAS OPINION & ORDER** |
| PLAZA FAMILY CARE, P.C., *et al.*, | March 6, 2026 |
| Defendants. | |

**WIGENTON, District Judge.**

**THIS MATTER** having come before this Court upon having come before this Court upon Plaintiff Mahmoud Elmilligy's ("Plaintiff") filing of a Complaint (D.E. 1 ("Compl.")) and an application to proceed *in forma pauperis*, (D.E. 12 ("IFP application")),[1] and this Court having *sua sponte* reviewed the Complaint for sufficiency pursuant to 28 U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil Procedure ("Rule") 8(a); and

**WHEREAS** a district court may allow a plaintiff to commence a civil action without paying the filing fee—that is, *in forma pauperis*—so long as the plaintiff submits an affidavit demonstrating he is "unable to pay such fees," but must dismiss a case that is frivolous, "fails to state a claim upon which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §§ 1915(a)(1), (e)(2)(B); and

---

[1] Plaintiff initially filed a nonconforming IFP application. (D.E. 1-2.) This Court declines to consider that application and will only rule on Plaintiff's subsequent IFP application.

1

**WHEREAS** although this Court is sympathetic to Plaintiff's statement that he has been the subject of fraud, that is not reason enough to explain why Plaintiff's application contains little to no information concerning the state of his financial affairs—repeatedly listing $0 as a response throughout. *See Gross v. Cormack*, No. 13-4152, 2013 WL 5435463, at *2 (D.N.J. Sept. 27, 2013) (stating that when making an IFP application, "a plaintiff must state the facts concerning his or her poverty with some degree of particularity, definiteness or certainty" (quoting *Simon v. Mercer Cnty. Cmty. Coll.*, No. 10-5505, 2011 WL 551196, at *1 (D.N.J. Feb. 9, 2011)); and

**WHEREAS** pursuant to Federal Rule of Civil Procedure 8(a) ("Rule 8"), "[a] pleading that states a claim for relief must contain:  (1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The complaint must apprise the defendant with "fair notice of what the claim is and the grounds upon which it rests," containing "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

**WHEREAS** *pro se* complaints, although "[held] to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), must still "state a plausible claim for relief," *Yoder v. Wells Fargo Bank*, 566 F. App'x 138, 141 (3d Cir. 2014) (quoting *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); and

**WHEREAS** Plaintiff brings the instant suit against Defendant Plaza Family Care for failing to provide "legally mandated medical screening, reporting, and documentation" related to

2

Plaintiff's minor children as required by N.J. Stat. Ann. § 9:6-8.10. (Compl. at 1–2.) Plaintiff asserts two causes of action: violation of his and his children's Fourteenth Amendment "and applicable federal statutes relating to child protection, due process, and equal protection," pursuant to 42 U.S.C. § 1983, and intentional infliction of emotional distress. (Compl. at 2.); and

**WHEREAS** Plaintiff's Complaint lacks facial plausibility. Plaintiff fails to plead factual content permitting this Court to draw the inference that Defendant is liable for the misconduct alleged. Both asserted causes of action are conclusory and lack Rule 8's required specificity. *See Tillman v. City of Newark*, No. 25-18852, 2026 WL 50139, at \*2 (dismissing pro se plaintiff's complaint for failure to comply with Rules 8 and 12(b)(6)); therefore

**IT IS**, on this 6th day of March 2026,

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* is **DENIED**; and it is further

**ORDERED** that Plaintiff's Complaint is *sua sponte* **DISMISSED WITHOUT PREJUDICE**. Plaintiff shall have thirty (30) days to file an Amended Complaint. **SO ORDERED**.

        _/s/ Susan D. Wigenton_
        **SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk
cc: Parties
     Leda D. Wettre, U.S.M.J.